IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BODUM USA, INC. and PI-DESIGN AG

    Plaintiffs,

v.

STARBUCKS CORPORATION,

    Defendant.

No.

JURY TRIAL DEMANDED

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bodum USA, Inc. ("Bodum") and Pi-Design AG ("Pi-Design") (collectively, Plaintiffs), by their attorneys, file this Complaint ("Complaint") for patent infringement against Defendant Starbucks Corporation ("Starbucks") and allege:

**NATURE OF THE ACTION**

1. In this action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, Bodum asserts that Starbucks infringes U.S. Patent No. 8,695,486 B2 ("the '486 Patent" or "the Asserted Patent"). Bodum files this action to stop Starbucks's willful infringement of the Asserted Patent. Bodum further seeks damages for breach of contract because the sale of the French press coffeemaker product at issue violates the terms of a settlement agreement previously entered into between the parties

**THE PARTIES**

2. Bodum USA, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York. Bodum USA is a licensee of Pi-Design in the United States.

3. Pi-Design is headquartered in Baar, Switzerland and is a subsidiary of Bodum Holding AG. Pi-Design is engaged in the business of design, development, and licensing of specialty housewares. Pi-Design is the owner of the '486 Patent asserted in this case.

4. Starbucks is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington. Since 1971, Starbucks Corporation or its predecessor in interest has continuously conducted business under the trade names "Starbucks," "Starbucks Coffee Company," and "Starbucks Coffee."

## JURISDICTION AND VENUE

5. Bodum's claim for patent infringement arises under the patent laws of the United States, including specifically 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has subject matter jurisdiction over the contract claim pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Starbucks has caused Bodum millions of dollars in damages, including a decrease in market share, lost profits and brand damage, among other losses.

7. This Court has personal jurisdiction over Starbucks because it has committed infringing acts in this district giving rise to this Action. Starbucks has numerous retail stores in this district through which it sells or offers for sale the Accused Product (defined and described below) that infringes on the '486 Patent and breaches the parties' contract.

8. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §§1391 and 1400(b) because Starbucks has committed acts of infringement/breach in this judicial district and has regular and established places of business in this judicial district and in Illinois.

## FACTS COMMON TO ALL COUNTS

9. Bodum has been building a business focused on selling beautifully designed houseware products since 1944 and began selling French press coffeemakers in the 1970s.

10. Bodum's flagship product is the CHAMBORD® French press, which Bodum began distributing in 1983 and then acquired the exclusive rights to in 1991.

11. The CHAMBORD® is the original, iconic French press design. It was initially designed in the 1930s in France, using the towers of the Chambord Chateau Castle as the inspiration for the shape of the frame.

12. Since Bodum began distributing, and later acquiring, the CHAMBORD®, Bodum has expended substantial amounts of money, time and effort to acquire, develop, advertise and promote its CHAMBORD® coffeemaker. Through Bodum's efforts over more than 30 years, the CHAMBORD® French press has become an iconic design and is recognized in the market as distinctly connected to Bodum.

13. In addition to the CHAMBORD®, Bodum has designed and developed a variety of other popular French press coffeemakers.

14. Bodum and Starbucks have done business involving various product lines, including French presses, for three decades.

15. For many years, Bodum has been the exclusive seller of French presses to Starbucks, including developing custom designs for Starbucks.

16. In 2013, Starbucks asked Bodum to design a custom French press for it that was opaque in appearance and had a locking lid.

17. Bodum designed and manufactured the product requested by Starbucks, and the product was co-branded BODUM + Starbucks and sold to consumers.

18. Bodum applied for and received a patent – the '486 Patent – on the lid of this product.

19. In 2022, Bodum discovered that Starbucks was offering for sale an opaque French Press coffeemaker with a nearly identical locking lid to what Bodum had designed and patented (the "Accused Product").

## COUNT ONE: INFRINGEMENT OF THE '486 PATENT

20. On April 15, 2014, the United States Patent and Trademark Office duly and legally issued the '486 Patent, entitled "Plunger-Filter Beverage-Making Machine with a Closable Pouring Opening." A true and correct copy of the '486 Patent is attached as Exhibit A to this Complaint.

21. Pi-Design owns by assignment all rights, title, and interest in and to the '486 Patent, including the right to assert all causes of action arising under the '486 Patent and the right to any remedies for the infringement of the '486 Patent. The face of the '486 Patent correctly identifies "Pi-Design AG" as the "Assignee."

22. Starbucks makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, the Accused Product..

23. The Accused Product infringes at least claims 1, 2, 5, and 14 of the '486 Patent.

24. The Accused Product consists of an upwardly open, substantially cylindrical vessel with a vessel bottom and a circumferential side wall.



25. The Accused Product has a filter piston vertically displaceable in the vessel, having a piston rod to whose upper end a grip is attached, and to whose lower end a plunger-filter is attached, which is suitable for allowing the passage of liquid and, at the same time, for retaining solids.



26. The Accused Product has a lid with a top wall, which at least partially covers the vessel in an upward direction and which, jointly with the vessel, delimits a vessel interior.

27. The lid is passed through by the piston rod. The lid has a first opening and a second opening. The first opening is a through opening, though which the piston rod extends. The second opening is a pouring opening.

28. A spout is configured on the lid, and the pouring opening is disposed between the through opening and the spout and forms a connection between the vessel interior and the spout in order to pour liquid out of the vessel through the pouring opening by means of the spout.

29. The Accused Product has an elongated lever extending transversely to the piston rod and attached to the lid above the top wall pivotably about a horizontal axis. In the region of its front end, the elongated lever has a closure body for closing the pouring opening. In the region of its rear end, facing away from the pouring opening, the elongated lever has an actuating surface in order to pivot the elongated lever by pressure exerted by a finger of the user, from a first position in which the closure body closes the pouring opening, into a second position in which the closure body frees the pouring opening.




30. The Accused Product's elongated lever is spring-loaded in the direction of its first position.

31. In view of preceding paragraphs, each and every element of at least claims 1, 2, 5 and 14 of the '486 Patent is found in the Accused Product.

32. Starbucks continues to directly infringe at least one claim of the '486 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Product in the United States, including within this judicial district, without the authority of Bodum.

33. On February 9, 2024, Bodum notified Starbucks that it was infringing the '486 Patent. Starbucks therefore received notice and has had actual or constructive knowledge of the '486 Patent since at least February 9, 2024.

34. On information and belief, since at least February 9, 2024, through its actions, Starbucks has actively induced product makers, distributors, retailers, and/or end users of the Accused Product to infringe the '486 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use, distribution, and sale of the Accused Product on various websites.

35. Since at least February 9, 2024, through its actions, Starbucks has contributed to the infringement of the '486 Patent by having others sell, offer for sale, or use the Accused Product throughout the United States, including within this judicial district, with knowledge that the Accused Product infringe the '486 Patent. The Accused Product are specially made or adapted for infringing the '486 Patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Product contains functionality which is material to at least one claim of the '486 Patent.

36. Injunctive relief is proper in this case because: (1) Starbucks's infringement has caused Bodum to suffer an irreparable injury in the form of price erosion, loss of goodwill, damage to reputation, loss of market share, loss of business, and loss of business opportunities; (2) remedies available at law are inadequate to compensate for that injury; (3) a remedy in equity is

warranted considering the balance of hardships between Bodum and Starbucks; and (4) public interest would not be disserved by a permanent injunction. *See Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).

37. A finding of willful infringement from at least February 9, 2024 is proper. Alternatively, a finding of willful infringement since at least the date Bodum filed its original complaint is proper in this case because Starbucks has continued to infringe despite the filing of this suit. *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) ("The Court can reasonably infer that if Defendants infringe, then they are deliberately continuing to do so despite notice in the Complaint.").

38. Since at least February 9, 2024, Starbucks has been aware of the unjustifiably high risk that its actions constitute infringement and that the claims of the Asserted Patent are valid. On information and belief, Starbucks could not reasonably or subjectively believe that the Asserted Patent is invalid. Despite this knowledge and subjective belief and the unjustifiably high risk that its actions constitute infringement, Starbucks continued its infringing activities. As such, Starbucks willfully infringed and continues to willfully infringe the Asserted Patent.

## COUNT TWO: BREACH OF CONTRACT

39. On January 14, 2008, the parties entered into a Confidential Settlement Agreement and Release ("2008 Agreement"). The 2008 Agreement stemmed from a lawsuit filed in the Northern District of Illinois alleging that Starbucks infringed upon the trade dress of Bodum's CHAMBORD® French press coffeemaker.

40. The 2008 Agreement is a valid and binding contract.

41. The terms of the 2008 Agreement are confidential.

42. Bodum performed any and all obligations required of it under the 2008 Agreement.

43. Starbucks is privy to Bodum's designs for French press carafes and plungers, as well as dozens of aesthetic exterior designs.

44. Starbucks cannot stock products with these designs without Bodum's approval.

45. In bringing clarity to the terms of the 2008 Agreement, both Bodum and Starbucks have recognized that the effect of the 2008 Agreement is that Bodum has a right of first refusal for Starbucks's French press product offerings.

46. Starbucks's conduct, until recently, has reinforced this recognition. When Starbucks contemplated offering any French press coffeemaker product, it approached Bodum to source the product. Only if Bodum declined to supply the product did Starbucks source the product from another vendor.

47. In sum, since the 2008 Agreement, the parties have understood that Bodum is the exclusive supplier of French presses to Starbucks, unless Bodum declines to supply a French press that Starbucks has requested.

48. Starbucks breached the 2008 Agreement when it impermissibly sold the Accused Product.

49. On May 10, 2023, counsel for Bodum sent a Notice of Breach letter to Starbucks's counsel, advising of the breach of the 2008 Agreement and demanding removal of the Accused Product.

50. Starbucks refused to stop selling the Accused Product in response to the Notice of Breach letter.

51. Bodum has been damaged by Starbucks's wrongful conduct, including but not limited to a decrease in market share, lost profits and brand damage.

## JURY DEMAND

Bodum hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Bodum respectfully requests that the Court:

(A) Enter judgment that Starbucks infringes one or more claims of the '486 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Starbucks has induced infringement and continues to induce infringement of one or more claims of the '486 Patent;

(C) Enter judgment that Starbucks has contributed to and continues to contribute to the infringement of one or more claims of the '486 Patent;

(D) Enter judgment that Starbucks's infringement has been willful;

(E) Enter judgment that Starbucks has breached the 2008 Agreement;

(E) Enter a preliminary and permanent injunction enjoining Starbucks and its officers, agents, servants, employees, attorneys and any other persons who are in active concert or participation with such persons, from making, selling, using, offering for sale the Accused Product;

(F) Award Bodum damages, to be paid by Starbucks in an amount adequate to compensate Bodum, together with pre-judgment and post-judgment interest, for (i) the infringement by Starbucks of the '486 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284, and (ii) the breach by Starbucks of the 2008 Agreement;

(G) Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(H)     Award Bodum its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: June 25, 2024                     Respectfully submitted,

/s/ *James E. Griffith*
James E. Griffith (6269854)
Ashley D. Pendleton (6328690)
jgriffith@ziliak.com
apendleton@ziliak.com
docket@ziliak.com
ZILIAK LAW LLC
141 W. Jackson Blvd., Ste 4048
Chicago, IL 60604
T: 312.462.3350


Travis L. Richins, Esq. (*pro hac vice* pending)
Texas State Bar No. 24061296
Virginia State Bar No.
travis@richinslawfirm.com
RICHINS LAW GROUP, PLLC
11357 Nuckols Rd #2076
Glen Allen, VA 23059
T: (214) 601-0678
F: (804) 597-0532